**Yakov REZNIK, Appellant,**

**v.**

**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION f/k/a Commonwealth of Pennsylvania De-**

partment of Environmental Resources; Commonwealth of Pennsylvania Governor's Office, Office of Administration.

No. 02–3253.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 23, 2003.

Decided Aug. 15, 2003.

Before SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Yakov Reznik, appeals from an order of the District Court which granted summary judgment in favor of the Commonwealth of Pennsylvania Department of Environmental Protection and the Commonwealth of Pennsylvania Governor's Office, Office of Administration. Appellant alleges as error the issues listed in paragraph I, taken verbatim from his brief. Because we conclude that the District Court neither erred nor abused its discretion, we will affirm.

I.

The allegations of error asserted by appellant are as follows:

1. Whether the District Court erred in *sua sponte* granting summary judgment as to the claims raised in the Plaintiff's second complaint, originally filed at Docket cv–00–170, reasoning, "Plaintiff's Title VII claims in Civil Action No. 00–170 are the same as his Title VII claims in Civil Action No. 98–1878," where an additional two years of discriminatory acts were asserted, a second defendant had been added, no discovery had been conducted, and where both the court, and defendants, acknowledged that no dispositive motion had been filed and the defendants conceded only partial summary judgment would be appropriate?

2. Whether the District Court erred as a matter of law in finding that Plaintiff's failure to receive a promotion did not constitute an adverse employment action under Title VII, because, six years after first seeking the promotion, Plaintiff won at labor arbitration and as a result, received back pay and the promotion pursuant to the union contract, or whether the court erred in weighing the evidence and making findings of fact adverse to the nonmoving party, when the court credited one of the Commonwealth's pretextual justifications for its unreasonable fight against Plaintiff's deserved promotion without crediting Plaintiff's substantial rebuttal evidence?

3. Whether the District Court erred in weighing the evidence and making findings of fact adverse to the nonmoving party, where the only element of Plaintiff's prima face case at issue was whether Plaintiff offered evidence suffered an adverse employment action [sic], and Plaintiff's evidence showed he was denied a promotion for which he was qualified, that racial slurs were uttered with management participation and approval, and that other adverse employment actions including segregation, humiliated him and prevented him from normal, equal participation in the engineering work of his office?

## II.

The facts and procedural history of this case are well known to the parties and the court, and it is not necessary that we restate them here. The reasons why we write an opinion of the court are threefold: to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. We use a not-precedential opinion in cases such as this, in which a precedential opinion is rendered unnecessary because the opinion has no institutional or precedential value. *See* United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) 5.3. Under the usual circumstances when we affirm by not-precedential opinion and judgment, we briefly set forth the reasons supporting the court's decision. In this case, however, we have concluded that neither a full memorandum explanation nor a precedential opinion is indicated because of the very extensive and thorough opinion filed by Judge Gary L. Lancaster of the District Court. Judge Lancaster's opinion adequately explains and fully supports its order and refutes the appellant's allegations of error. Hence, we believe it wholly unnecessary to further opine, or offer additional explanations and reasons to those given by the District Court, why we will affirm. It is a sufficient explanation to say that, essentially for the reasons given by the District Court in its opinion dated the 19th day of July, 2002, we will affirm.

## III.

In sum, for the foregoing reasons, we will affirm the order of the District Court dated July 19, 2002.